**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 22-1232

JANE DOE, individually and as parent and next friend of Doe
Child; JOHN DOE, individually and as parent and next friend of
Doe Child; DOE CHILD,

Plaintiffs, Appellants,

v.

DEBORAH HOLLY; DEBORAH BRESNICK, individually and in her
official capacity as assistant principal of the Green Meadow
School; DONNA DANKNER, individually and in her official capacity
as principal of Green Meadow School; ROBERT J. GERARDI,
individually and in his official capacity as Superintendent of
the Maynard Public Schools; MAYNARD PUBLIC SCHOOLS; TOWN OF
MAYNARD, MASSACHUSETTS,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Leo T. Sorokin, U.S. District Judge]

---

Before

Barron, Chief Judge,
Howard and Montecalvo, Circuit Judges.

---

Steven R. Ballard, with whom Law Offices of Steven Ballard
was on brief, for appellants.
John J. Cloherty III, with whom Pierce Davis & Perritano LLP
was on brief, for appellees.

July 14, 2023

**BARRON**, <u>Chief Judge</u>.  This appeal arises out of a suit by John Doe, Jane Doe, and Doe Child (together, the "Does").  The complaint alleges various state and federal law violations by Deborah Holly, Deborah Bresnick, Donna Dankner, Robert Gerardi, the Maynard Public Schools, and the Town of Maynard (together, the "defendants") in connection with bullying that Doe Child allegedly suffered at a Maynard public elementary school.  The Does' appeal challenges the grant of summary judgment to the defendants on various of their state-law claims.  We affirm.

**I.**

The procedural path to this appeal begins in October 2019, when the Does filed a seven-count complaint in Massachusetts state court against the defendants.  Six of the counts set forth claims based on the defendants' alleged state-law violations.  The seventh count set forth claims based on the defendants' alleged violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

The defendants removed the case to the United States District Court for the District of Massachusetts in January 2020 based on the presence of a federal claim.  <u>See</u> 28 U.S.C. §§ 1331, 1441, 1367.  Following discovery, the defendants filed motions for summary judgment, which the District Court granted, except for one issue that the District Court remanded without prejudice to the

state court.[1]  See Doe v. Holly, No. 20-10139, 2022 WL 1038012 (D. Mass. Feb. 25, 2022).

The District Court held that the Does waived the federal claim that they brought against the defendants (Count I), in addition to the similar state-law equal-protection-based constitutional claim that they brought against them (Count II), by not responding to the defendants' arguments in opposition and by "instructing the Court to focus elsewhere."  The Does do not challenge that waiver holding on appeal.

**II.**

As a threshold matter, the defendants contend that we must dismiss this appeal for lack of appellate jurisdiction because the Does' notice of appeal was not timely filed in the District Court.  See Bowles v. Russell, 551 U.S. 205, 214 (2007).  The defendants point out that the Does' notice of appeal was filed Wednesday, March 30, 2022 -- 33 days after the date that appears on the face of the judgment below, Friday, February 25.  Yet, the defendants emphasize, Federal Rule of Appellate Procedure 4(a)

---

[1] The District Court declined to exercise supplemental jurisdiction over an aspect of the Does' claim (Count IV) that arises under Massachusetts's Anti-Bullying Law.  See Mass. Gen. Laws ch. 71, § 37O.  See, e.g., Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995).  Because neither party contests the merits of that "discretionary" remand decision on appeal, see id., we do not disturb it and need not address the matter further.

requires notices of appeal to be filed "within 30 days after entry of the judgment."  Fed. R. App. P. 4(a)(1)(A).

The Does represent to us in response that the District Court did not "enter" the judgment on the docket (and that they did not receive notice of it) until February 28.  The Does argue that their notice of appeal was timely because it was filed on the 30th day after the District Court's "entry of the judgment."  Id. (emphasis added).[2]  But, even if we assume there is no jurisdictional bar to our resolving this appeal based on when the notice of appeal was filed, the appeal plainly fails on the merits for the reasons that we will explain.  See, e.g., Alvarado v. Holder, 743 F.3d 271, 276 (1st Cir. 2014).

**III.**

The only question at issue in this appeal concerns whether the District Court properly granted summary judgment to the defendants on state-law claims.  There is thus a question whether the proper course is for us to dismiss the case so that any state law issues before us may be resolved by a state court. See Wilber v. Curtis, 872 F.3d 15, 23 (1st Cir. 2017) ("[T]he Supreme Court has instructed that 'in the usual case in which all federal-law claims are eliminated before trial, the . . . pendent

---

[2] Despite taking the position at oral argument that the judgment was not "entered" until February 28, 2022, the Does' opening brief specifically states that the judgment was "entered on February 25, 2022."

- 5 -

jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims'." (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988), and citing 28 U.S.C. § 1367(c)(3))). But, we conclude that there is no "substantial question of state law presented[,]" because the District Court was plainly right to grant summary judgment to the defendants on the state-law claims at issue in this appeal. Id.

## A.

The Does first argue that the District Court erred in granting summary judgment to the defendants as to all the claims at issue on appeal because it ruled on a "prematur[e]" record. They argue that is so because the District Court wrongly granted the defendants' motion to strike the affidavit submitted by Doe Child in opposition to the defendants' motion for summary judgment and the affidavit is an "important piece of evidence." The District Court granted the defendants' motion to strike, however, in part on the independent grounds that the Does did not respond to that motion and that the affidavit in question did not itself satisfy Federal Rule of Civil Procedure 56's requirements. See Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters

- 6 -

stated."). Because the District Court did not err in doing so, this aspect of the Does' challenge to the District Court's summary judgment ruling is without merit.

**B.**

The Does next assert that the District Court erred in granting summary judgment to the defendants on all the claims at issue on appeal because it failed to apply the summary judgment standard set forth in Rule 56. But, as the Does themselves acknowledge, the District Court did cite and purport to apply the correct standard under Rule 56. Moreover, in reviewing a grant of summary judgment, our review is de novo and, as we will explain, the record reveals that summary judgment to the defendants is plainly warranted for substantially the reasons on which the District Court relied. See, e.g., Prescott v. Higgins, 538 F.3d 32, 39-40 (1st Cir. 2008) (explaining that we review a District Court's decision to grant summary judgment de novo, "construing the record in the light most favorable to the non-movant and resolving all reasonable inferences in that party's favor").

**1.**

We start with the Does' challenge to the District Court's grant of summary judgment to the defendants on the claims that the Does set forth in Count III of their complaint. The Does allege in those claims that the defendants denied Doe Child the "right to education" under the Massachusetts Civil Rights Act ("MCRA") and

the Massachusetts Constitution through actual or attempted "threats, intimidation or coercion" related to their allegations that Doe Child was bullied by her peers and directly by her second-grade teacher, defendant Deborah Holly. See Mass. Gen. Laws ch. 12, §§ 11H & 11I; Mass. Gen. Laws ch. 76, § 5.

Summary judgment is plainly warranted to the school district and the town on these claims because neither is a "person" under the MCRA. See Howcroft v. City of Peabody, 747 N.E.2d 729, 744-45 (Mass. App. Ct. 2001); see also Kelley v. LaForce, 288 F.3d 1, 11 n.9 (1st Cir. 2002). Summary judgment is also plainly warranted to the individual defendants on these claims because, as the District Court explained, the Does have failed to identify evidence that would allow a rational factfinder to conclude that any of those defendants engaged in conduct that rises to the level of actual or attempted "threats, intimidation or coercion."[3]

**2.**

We turn, then, to the Does' challenge to the District Court's grant of summary judgment to the defendants on the claims that the Does set forth in Count IV. Here, the Does allege that the defendants were negligent in breaching duties established by

---

[3] Insofar as Count III lodges an independent claim under the Massachusetts statute prohibiting discrimination in education, see Mass. Gen. Laws ch. 76, § 5, the Does have not shown that they satisfied that statute's exhaustion requirement, see id. § 16, and we thus affirm the grant of summary judgment to the defendants as to that claim as well.

the Massachusetts Anti-Bullying Law, see Mass. Gen. Laws ch. 71, § 37O, by "failing to provide proper training, hiring, supervision, and maintenance of employees" -- acts which the Does claim resulted in the denial of a safe school environment for Doe Child.

But, the Does have not identified any evidence that would allow a rational factfinder to find that the town, the school district, or any of their agents were negligent in hiring, bullying-related training, or supervision. And that is so even though the defendants have pointed to evidence supportably showing that their employees were experienced in their jobs and have conducted "comprehensive" anti-bullying training. Moreover, the Does have not identified evidence or made any persuasive argument as to how a rational factfinder could conclude that the alleged negligence (even assuming that on this record it has been supportably shown to have occurred) "materially contributed" to and thus "cause[d]" the harms to Doe Child that they have identified. See Kent v. Commonwealth, 771 N.E.2d 770, 775-76 (Mass. 2002) (explaining that the Massachusetts Torts Claims Act ("MTCA") shields public-employers from liability unless the public employer's "affirmative act . . . materially contributed to creating the specific 'condition or situation' that resulted in the harm"). Thus, for these reasons, summary judgment to the school district and the town on the claim on this count was plainly warranted.

We note as well that, to the extent that the Does bring the claim set forth in Count IV against the individual defendants, the summary judgment ruling below is plainly warranted as well. That is so not only for the same reasons that we have already given but also because the record fails supportably to show that, in conducting the relevant hiring, training, and supervision, the individual defendants were acting "outside the scope of their employment" and so could be held liable under the MTCA. See Holly, 2022 WL 1038012, at *9 (citing Mass. Gen. Laws ch. 258, § 2).[4]

**3.**

Next up is the Does' challenge to the District Court's grant of summary judgment to the defendants on the claims that the Does set forth in Count V. The Does allege in this set of claims that the defendants were negligent in failing to prevent harms to Doe Child resulting from peer-to-peer bullying, and that the defendants "directly participated" in causing such bullying-related harms. But, the defendants are clearly entitled to

---

[4] The District Court appeared to also conclude that, as a general matter, claims of "negligent training or supervision" amount merely to claims that the defendants failed to act to prevent harm caused by a third party -- claims which are generally not subject to liability under the MTCA, see Mass. Gen. Laws ch. 258, § 10(j) -- while acknowledging that at least one district court has reached a contrary conclusion, see Holly, 2022 WL 1038012, at *9 (citing LaPierre v. City of Lawrence, No. 11-cv-12039, 2013 WL 1829120, at *4 n.11 (D. Mass. May 1, 2013)). But, we need not resolve the issue because the Does have not substantiated such claims for the reasons stated.

summary judgment on immunity grounds insofar as the claims allege a failure by the defendants to prevent acts of bullying by Doe Child's peers.  See Cormier v. City of Lynn, 91 N.E.3d 662, 667 (Mass. 2018); Mass Gen. Laws ch. 258, § 10(j) (providing that there is no public-employer liability for "any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer or any other person acting on behalf of the public employer").  For, while the MTCA provides that such immunity does not attach when an "intervention of a public employee . . . causes injury to the victim or places the victim in a worse position than he was in before the intervention," see Mass. Gen. Laws ch. 258, § 10(j)(2), we agree with the District Court that the Does have failed to identify evidence from which a rational factfinder could find that such an "intervention" put Doe Child in a worse position.  Indeed, the Does make no argument to the contrary on appeal.  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).[5]

**4.**

The next Count in the Does' complaint that is at issue on appeal is Count VI, in which the Does bring intentional and

---

[5] Insofar as Counts IV and V intend to allege standalone claims of Anti-Bullying Law violations, the statute precludes a private right of action for such claims.  Mass. Gen. Laws ch. 71, § 37O(i).

- 11 -

negligent infliction of emotional distress ("IIED" and "NIED") claims. Summary judgment for the school district and the town on the IIED claims is clearly warranted because -- as the District Court held -- the MTCA bars intentional torts against such defendants. See Mass. Gen. Laws ch. 258, § 10(c); Spring v. Geriatric Auth. of Holyoke, 475 N.E.2d 727, 734 (Mass. 1985). And, summary judgment is also clearly warranted on these claims for the individual defendants because nothing in the record supportably shows that their alleged conduct amounts to "extreme and outrageous conduct" under Massachusetts law. See Polay v. McMahon, 10 N.E.3d 1122, 1128 (Mass. 2014). Indeed, here, too, the Does have developed no argument to the contrary on appeal. See Zannino, 895 F.2d at 17.

That leaves the Does' NIED claims. The District Court rightly granted summary judgment to the school district and town on the claims. The only evidence supporting the otherwise conclusory allegation that the defendants "directly participated" in the bullying of Doe Child can be found in Doe Child's affidavit offered in opposition to summary judgment, which we have explained was properly struck. And, insofar as the Does' NIED claims are against the individual defendants, summary judgment is warranted for the additional reason that the Does again failed to show that the individual defendants were acting "outside the scope of their employment." See Mass. Gen. Laws ch. 258, § 2.

- 12 -

**5.**

The last set of claims before us is set forth in Count VII of the Does' complaint. There, the Does bring a defamation claim against the school district and the town, as well as one against Holly, all based on an incident in which Holly allegedly "publicly shamed and humiliated Doe Child in her second grade class" by reading aloud an email that was sent by Jane Doe to contest Holly's handling of a bullying incident during a school event. The school district and town are clearly entitled to summary judgment on immunity grounds, just as the District Court ruled. See Mass. Gen. Laws ch. 258, § 10(c); see also Barrows v. Wareham Fire Dist., 976 N.E.2d 830, 833-34 (Mass. App. Ct. 2012). And, Holly[6] is plainly entitled to summary judgment as well because, for the reasons given by the District Court, the Does' version of Holly's statements does not identify any actionable "false statement[s]," even assuming that the record shows a genuine dispute as to what Holly said to Doe Child's class. See Holly, 2022 WL 1038012, at *10.

**IV.**

The judgment of the District Court is **affirmed**.

---

[6] The Does' complaint and briefing reference only defendant Holly in connection with this claim. Thus, to the extent Count VII intends to take aim at any of the other individual defendants, we affirm the District Court's grant of summary judgment to all of them on the ground that the Does have at no point advanced an argument as to their liability.

- 13 -